SAMUEL T. GUERIN v. AARON M. RODWELL.

1. The District Courts in the city of Newark, under the act of March 4th,
1873, decide facts and execute judgments in small causes between
parties residing in the city of Newark; and the Court of Common
Pleas, in its relations to said courts, is purely an appellate court. A
final judgment cannot be entered and executed in the Common Pleas;
there must be an order for judgment, directed to the District Court.

2. Where a person employs an architect to prepare working drawings for
a house, and he changes the plan; if the owner directs the work to be
altered to conform to the original plan, he must pay the workman for
such alteration.

---

On *certiorari* to the Court of Common Pleas of Essex
county.

Argued at November Term, 1873, before Justices BEDLE,
DALRIMPLE and SCUDDER.

---

Guerin v. Rodwell.

---

For the plaintiff, *E. C. Harris.*

For the defendant, *G. C. Cowart.*

The opinion of the court was delivered by

SCUDDER, J.   An appeal was taken from the First District Court of the city of Newark to the Court of Common Pleas in Essex county.   Upon hearing the appeal the judgment below was reversed, and judgment entered in the Court of Common Pleas for a smaller amount.

This proceeding has been brought here by *certiorari*, and the first cause assigned for reversal is, that the Court of Common Pleas cannot enter a judgment on appeal from the District Court; that by the statute establishing these courts in the city of Newark, passed March 4th, 1873, the Court of Common Pleas can only order the District Court to enter such judgment as should have been entered in the first instance.

This is such a change from the ordinary and familiar course of proceeding in the practice of appeals from Justices' Courts to the Courts of Common Pleas, by which the record is removed and the cause reheard upon its merits, and a new judgment given in the higher court, that we must look closely at this act to see if such was the intention of the legislature. Of course, it must be conceded that these newly constituted courts of special jurisdiction, and the proceedings on appeal from their judgments, are creatures of the statute, and have only such authority and procedure as are given to them. The act is not lengthy, nor do we find many minute details given of the practice, but section 5 enacts that the act constituting courts for the trial of small causes and other named acts, shall apply to these District Courts, and regulate the practice and proceedings thereof, except where they conflict with the provisions of that act.   This conforms them generally to the courts for the trial of small causes, excepting the special provisions of that statute.   It is undoubtedly the general pur-

pose of the act to substitute these District Courts for the trial of small causes in civil actions.

Sections 12, 13, 14, 15 and 16 prescribe the proceedings for appeal and for review, by writ of *certiorari ;* and section 17 enacts " that no judgment, order or determination given or made by the judge or either of said courts, in any cause or matter brought before him, or pending in said courts, and over which he has jurisdiction, shall be removed by appeal, motion, writ of error, *certiorari* or otherwise, into any other court whatever, save and except in the manner and according to the provisions hereinbefore mentioned."

This is a limitation of the appellate jurisdiction of other courts, within the provisions of this act.

Section 13 enacts that an appeal to the Court of Common Pleas shall be in the form of a case agreed upon by the parties, or settled and signed by the judge, and such case shall be transmitted by the appellant to the clerk of the Court of Common Pleas, and filed by him in his office. This confers jurisdiction of the appeal upon the appellate court. At the next term, if fifteen days intervene between the determination of the cause below and such term, the case shall be heard on appeal. This provides a speedy review. At the close of section 12, we find what the appellate court may do— " said Court of Common Pleas may either order a new trial on such terms as it thinks fit, or may order judgment to be entered for either party, as the case may be, and may make such order, with respect to the dismissal and costs of the said appeal, as such court may think proper."

Section 16 enacts that such order, determination or decision of the Court of Common Pleas may be removed into the Supreme Court by writ of *certiorari ;* said writ shall remove said order or determination, and the case agreed upon and settled as hereinafter mentioned ; provided, &c.

These are the particular provisions, selected from the act, applicable to the case under consideration.

There are several noticeable changes in the forms of procedure and in the phraseology of this law, differing from

those used in the act for the trial of small causes, which have given rise to the controversy in this case.

And first, the original summons or capias, the demand and the plea, if there be any, are not sent up ; neither is there any transcript signed and certified by the judge, as is the practice ·on appeals from a justice of the peace. The substitute for these original papers is a state of the case agreed upon by the parties, or if they cannot agree, settled and signed by the judge. It is a convenient statement of the very matter in controversy, substituted for the formal papers and prolix evidence, and is preferable in the smaller courts where the proceedings are designed to be informal and inexpensive to the parties. The record may as well be taken up by a true copy as by the original papers. This is the usual practice in the higher courts on appeal or error. Such is doubtless also the intent of this statute. The expressions, " order a new trial," " order a judgment to be entered," look to something to be done outside of the appellate court, when taken in connection with the other provisions of the act. There is no provision made in the act for a new trial before a jury and with witnesses in the Court of Common Pleas, and no special directions for the enforcement of the judgment. These omissions are in marked contrast with the particularity of the act establishing courts for the trial of small causes, and are referable to the purpose that the new trial shall be had and the judgment enforced in the District Courts, where all the machinery is provided for trial and execution.

There are other parts of the act which harmonize with this construction.

Section 11 enacts that the determination of the judge, or the verdict of the jury, where one is demanded, or judgment thereupon, or any order, shall be final and conclusive between the parties upon questions of fact, except as therein provided ; and the same section gives the judge the power to order a new trial.

The appeal given by section 12 is, where either party shall be dissatisfied with the determination or direction of the

District Court *in point of law, or upon the admission or rejection of evidence.* No appeal is given upon the facts. If a new trial were ordered in the Court of Common Pleas, there would be a trial of the facts on the appeal. This contradiction is apparent.

Where the appellate court decides that evidence was admitted or rejected below, which has caused injustice to be done by the verdict, it would appear to be unobjectionable to send the cause back for a new trial ; but where the case is decided in the appellate court upon a point of law which settles the merits of the case stated, there it would appear more regular and convenient to enter the conclusion as the judgment of the higher court upon the appeal. But I think the words of the act compel a different construction, and that the words " order judgment to be entered," cannot be rendered enter judgment, without destroying the harmony of the act. If the District Court may be ordered to give a new trial, there would seem to be no reason why it may not be directed to enter such judgment as it should have entered originally.

A significant fact is, that the appeal bond remains of record with the original papers in the District Court, and is not sent up to the Court of Common Pleas with the state of the case. The bond is there good for the costs on the appeal and for the payment of the judgment. The authority to make order for the dismissal and costs of appeal, does not necessarily conflict with the construction given, for upon dismissal the court below may enforce the payment of such costs, or give the successful party the benefit of the appeal bond.

Section 16 also agrees with this construction of the act by enacting that such order, determination or decision of the Court of Common Pleas, may be removed into the Supreme Court by writ of *certiorari.* The word "judgment" is not used, but the more indefinite words "order, determination, decision," as if it were the purpose to avoid the use of that word when applied to the act of the Court of Common Pleas.

The statute is difficult of construction in some of its terms and in its application, and in marked contrast with the particu-

larity and precision of the act regulating courts for the trial of small causes; but its general purport is apparent, that the District Court shall decide facts and execute judgments in small causes between parties residing in the city of Newark, and that the Court of Common Pleas, in its relations to said courts, shall be purely an appellate court.

The Court of Common Pleas having entered in this case a formal final judgment, and not an order for judgment in the District Court, such judgment must be reversed for irregularity.

But this judgment is also erroneous in substance. The state of the case is in form an admitted statement of facts, upon which the law is to be determined.

These facts show that one charge in the plaintiff's demand was $15, for altering the vestibule doors. The plaintiff, a carpenter, proved that he altered the doors of the defendant's house. The defendant offered in evidence a copy of the specifications under the contract for building, made between him and Joseph M. Smith & Bro. This was admitted without objection, and the attention of the court called to the item of "doors." It also appeared that the architect of the defendant furnished the plaintiff, who was employed to make these doors, the working plans for their construction, and that they were made according to these plans, for which the plaintiff charged in his demand $15. It was proven that when these doors were seen by the defendant he objected to them; that they were not according to the specifications, and refused to receive or pay for them, and required doors according to the plans and specifications. The plaintiff made the doors conformable to them. These last were paid for under the contract, but the defendant refused to pay the plaintiff for the first doors, or the expense of altering the same.

The Judge of the District Court held that the architect was the agent of the defendant, for the purpose of directing the work which was done by the plaintiff, and that the plan given by the architect to the plaintiff being erroneous and causing him additional expense in making the doors, the

defendant became liable to the plaintiff for the charge for alterations necessary to make the doors correspond to the requirements of the contract and specifications, and gave judgment. The Court of Common Pleas reversed as to this item, and affirmed as to a charge of $4 for putting glass in some inside doors, by direction of the defendant. If the simple statement were made that the defendant himself misled the plaintiff, and directed him to make doors different from those in the specifications, and the plaintiff made them in good faith, supposing them to be correct, and afterwards the defendant objected, and at his request doors were made according to the plan, there would be no difficulty in holding him liable for the extra cost. It would be no answer to say that the plaintiff should have regarded the specifications and not the defendant's direction. That objection does not lie in his mouth. He cannot take advantage of his own wrong. The case does not differ in principle, if the defendant had an architect employed to make working drawings for the mechanics at work on the building, and he mistook and misled the plaintiff, causing him additional expense. Both the plaintiff and defendant are innocent, but the defendant has put his agent in a position to injure the plaintiff, and he must pay for it.

The judgment of the Court of Common Pleas is reversed, with costs, and the judgment of the District Court is affirmed.